Filed 1/19/22  P. v. Arnold CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B305073 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA077104) |
| v. | |
| JASON NICHOLAS ARNOLD, | ORDER MODIFYING OPINION; NO CHANGE IN JUDGMENT |
| Defendant and Appellant. | |

THE COURT:

It is ordered that the opinion filed on December 29, 2021, be modified as follows:

On page 2, the first paragraph, the first sentence is revised to read as follows:

> Defendant and appellant Jason Nicholas Arnold is currently serving a sentence of more than 22 years for second degree robbery, attempted carjacking, and two five-year prior conviction enhancements imposed under Penal Code section 667, subdivision (a)(1).

There is no change in the judgment.

———————————————————

CRANDALL, J.*          ROTHSCHILD, P. J.          BENDIX, J.

———————————

* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 12/29/21  P. v. Arnold CA2/1 (unmodified opinion)
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JASON NICHOLAS ARNOLD,<br><br>    Defendant and Appellant. | B305073<br><br>(Los Angeles County<br>Super. Ct. No. GA077104) |

APPEAL from an order of the Superior Court of Los Angeles County, Suzette Clover, Judge.  Remanded with directions.

Jennifer Hansen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, and Michael R. Johnsen, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant and appellant Jason Nicholas Arnold is currently serving a sentence of more than 22 years for two counts of armed robbery, and two five-year prior conviction enhancements imposed under section 667, subdivision (a)(1). On July 2, 2019, the secretary of the Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court recommending that the court recall Arnold's sentence under Penal Code section 1170, subdivision (d),[1] and resentence him in light of recent amendments to the law giving trial courts the discretion to strike certain sentence enhancements that had previously been mandatory, including those imposed under section 667, subdivision (a)(1). The trial court denied his request, and we affirmed its order in an unpublished opinion. (*People v. Arnold* (Apr. 28, 2021, B305073) [2021 WL 1661337] (*Arnold I*).)

The Supreme Court granted Arnold's petition for review and on October 27, 2021, transferred the instant case to this court with directions to vacate *Arnold I* and reconsider the cause in light of Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719). We do not reach the merits, and in agreement with the parties, instead remand the case for reconsideration in light of recently enacted Assembly Bill No. 1540, which changes the standards and procedures for considering recommendations to resentence defendants under section 1170, subdivision (d).

## FACTUAL AND PROCEDURAL SUMMARY

In August 2012, Arnold pled guilty to second degree robbery (§ 211) and attempted carjacking (§§ 215, subd. (a), 664). He further admitted that he suffered two prior serious felony

---

[1] Subsequent statutory references are to the Penal Code.

convictions.  (§ 667, subd. (a)(1).)  The trial court sentenced him to a total term of 22 years eight months in state prison.  The term included two five-year prior conviction enhancements under section 667, subdivision (a)(1).

On July 2, 2019, CDCR recommended that the trial court recall Arnold's sentence pursuant to section 1170, subdivision (d), and resentence Arnold in light of Senate Bill No. 1393.[2]

On July 29, 2019, the trial court denied the request, making the following findings in the accompanying minute order: "The court takes no action on the request of the Department of Corrections dated July 2, 2019, for the court to exercise its discretion as to the [five]-year state prison enhancement. [Arnold's] case was final when the new law went into effect.  The new law does not apply to cases that are final."

We affirmed the trial court's order in *Arnold I*, concluding that the ameliorative provisions of Senate Bill No. 1393 do not apply retroactively to final judgments, such as Arnold's.  The

---

[2] Prior to the enactment of Senate Bill No. 1393, trial courts had no authority to strike enhancements under section 667, subdivision (a)(1).  (*People v. Alexander* (2020) 45 Cal.App.5th 341, 344).)  Senate Bill No. 1393, which became effective January 1, 2019, removed the prohibition on striking such enhancements by deleting the following provision of former section 1385, subdivision (b), which stated:  "This section does not authorize a judge to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667." (Sen. Bill No. 1393 (2017-2018 Reg. Sess.), ch. 1013, § 2.)  Section 1385, subdivision (b)(1), now provides that "[i]f the court has the authority . . . to strike or dismiss an enhancement, the court may instead strike the additional punishment for that enhancement in the furtherance of justice . . . ."

Supreme Court granted Arnold's petition for review, and on October 27, 2021, transferred the instant case to this court with directions to vacate *Arnold I* and reconsider the cause in light of recently-enacted Assembly Bill No. 1540.

## DISCUSSION

Arnold argues the trial court mistakenly concluded the finality of his judgment was a bar to providing the requested relief.

Section 1170, subdivision (d)(1), as currently constituted, creates a mechanism for recalling a defendant's sentence and resentencing him at any time upon the recommendation of the secretary of the CDCR or certain other officials. If the court elects to follow the CDCR's recommendation, it must "resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." (*Ibid*.) "[U]nder the recall provisions of section 1170, subdivision (d), the resentencing court has jurisdiction to modify *every* aspect of the sentence, and not just the portion subjected to the recall." (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) It "may . . . impose any otherwise lawful resentence suggested by the facts available at the time of resentencing." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 456.) The statute does not establish any procedural requirements the court must follow in addressing a recommendation from the CDCR; indeed, it "apparently does *not* require the court to respond to the recommendation." (*Id*. at p. 459, fn. omitted.)

Assembly Bill No. 1540 amends this law, moving the resentencing provisions currently codified at section 1170, subdivision (d)(1), to a newly created section 1170.03 (Stats.

4

2021, ch. 719, § 3).[3]  Assembly Bill No. 1540 also changes the law in several respects.  Section 1170.03 preserves the procedure by which the secretary of the CDCR and certain other officials may recommend recalling a defendant's sentence.  Under the new statute, however, when an official submits a resentencing recommendation, the court must "provide notice to the defendant and set a status conference within 30 days after the date that the court received the request.  The court's order setting the conference shall also appoint counsel to represent the defendant." (§ 1170.03, subd. (b)(1).)  Before the court can deny a defendant resentencing, it must provide "a hearing where the parties have an opportunity to address the basis for the intended denial or rejection."  (§ 1170.03, subd. (a)(8).)  The court must also "state on the record the reasons for its decision to grant or deny recall and resentencing."  (§ 1170.03, subd. (a)(6).)

Under the new law, the court gains the authority to "[v]acate the defendant's conviction and impose judgment on any necessarily included lesser offense or lesser related offense, whether or not that offense was charged in the original pleading, and then resentence the defendant to a reduced term of imprisonment," subject to the concurrence of the defendant and the local district attorney.  (§ 1170.03, subd. (a)(3)(B).)  Finally, the law creates "a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety." (§ 1170.03, subd. (b)(2).)

---

[3] All citations to section 1170.03 are to the law as effective January 1, 2022.

The trial court denied Arnold's petition before Assembly Bill No. 1540 was enacted, and in doing so, it did not have reason to apply the requirements of the new law. It neither appointed counsel to represent Arnold nor held a hearing, and it did not apply a presumption in favor of recalling and resentencing him.

We agree with the Attorney General that it is in the interest of judicial economy to remand the case for reconsideration of the CDCR recommendation under section 1170.03. The CDCR has already decided that Arnold is a worthy candidate for recall and resentencing. It would be a waste of resources to decide this case under the existing law, potentially leading the CDCR to file a new recommendation to recall Arnold's sentence under the new standards of section 1170.03.

## DISPOSITION

The case is remanded to the trial court with instructions to vacate its order denying resentencing and to commence new proceedings under section 1170.03 after January 1, 2022.

NOT TO BE PUBLISHED

CRANDALL, J.[*]

We concur:

ROTHSCHILD, P. J.          BENDIX, J.

---

[*] Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.